**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **OHIO DEMOCRATIC PARTY,** | : | |
| | : | |
| ***Plaintiff,*** | : | **Case No. 2:26-CV-01063** |
| | : | |
| **v.** | : | **Judge James L. Graham** |
| | : | |
| **FRANK LAROSE, OHIO SECRETARY OF STATE, et al.** | : | **Mag. Judge Chelsey M. Vascura** |
| | : | |
| | : | |
| ***Defendants.*** | : | |
| | : | |

---

**DEFENDANTS' ANSWER**

---

Respectfully submitted,

D. ANDREW WILSON
Ohio Attorney General

/s/ *Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)*
**Lead Counsel*

MARK D. TUCKER (0036855)
TYLER W. BLAIR (0095595)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215-3428
Tel: 614-466-1853 | Fax: 855-326-1696
Julie.Pfeiffer@OhioAGO.gov
Mark.Tucker@OhioAGO.go
Tyler.Blair@OhioAGO.gov

*Counsel for Defendants*

Defendants submit their answer and defenses to Plaintiff's Complaint as follows:

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.
2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.
3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same. Further answering, *National Republican Senatorial Committee v. Federal Election Commission*, 146 S. Ct. 2404 (2026) ("*NRSC*") speaks for itself.
4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. Further answering, Ohio's campaign finance laws are necessary for preventing quid pro quo corruption or its appearance. Additionally, Defendants deny that the challenged provisions are a substantial infringement on speech.
5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.
6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.
7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.
8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same. Further answering, Ohio's contribution limits for the state candidate fund serve a compelling state interest of preventing quid pro quo corruption or its appearance.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same. Defendants deny that Plaintiff is entitled to relief.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. Defendants admit that Plaintiff brings their lawsuit pursuant to 42 U.S.C. § 1983 under the theory of a First Amendment violation. To the extent any further response is required, Defendants deny same.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein for lack of sufficient knowledge or information.

14. Paragraphs 14 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the statutes cited in Paragraph 14 of the Complaint speak for themselves. Defendants deny the allegations contained therein for lack of sufficient knowledge or information.

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Ohio law requires political parties to make contributions to statewide and General Assembly candidates from a Statewide Candidate Fund rather than its General Political Account. Further answering, Defendants deny the remaining allegations for lack of sufficient knowledge or information.

16. As to Paragraphs 16 through 17 of the Complaint, Defendants deny the allegations contained therein for lack of sufficient knowledge or information.

17. As to Paragraph 18 of the Complaint, Defendants admit that Secretary of State Frank LaRose has been sued in his official capacity as Secretary of State of Ohio. The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, the statutes and case law cited speak for themselves.
18. As to Paragraph 19 of the Complaint, Defendants admit that the Ohio Election Integrity Commission is responsible for enforcing Ohio's election laws, reviewing alleged violations, and ensuring accountability in campaign finance matters. The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, the statutes cited speak for themselves.
19. As to Paragraph 20 of the Complaint, Defendants admit that D. Michael Crites is the Chair of the Ohio Election Integrity Commission and is sued in his official capacity. Defendants admit that the Commission adjudicates certain election related enforcement actions, but deny that any one Commissioner adjudicates election related enforcement actions.
20. As to Paragraph 21 of the Complaint, Defendants admit that Karl C. Kerschner is a member of the Ohio Election Integrity Commission and is sued in his official capacity. Defendants admit that the Commission adjudicates certain election related enforcement actions, but deny that any one Commissioner adjudicates election related enforcement actions.
21. As to Paragraph 22 of the Complaint, Defendants admit that Eben (Sandy) O. McNair IV is a member of the Ohio Election Integrity Commission and is sued in his official capacity. Defendants admit that the Commission adjudicates certain election related enforcement actions, but deny that any one Commissioner adjudicates election related enforcement actions.
22. As to Paragraph 23 of the Complaint, Defendants admit that Matthew S. Brown is a member of the Ohio Election Integrity Commission and is sued in his official capacity. Defendants

admit that the Commission adjudicates certain election related enforcement actions, but deny that any one Commissioner adjudicates election related enforcement actions.

23. As to Paragraph 24 of the Complaint, Defendants admit that John Lyall is a member of the Ohio Election Integrity Commission and is sued in his official capacity. Defendants admit that the Commission adjudicates certain election related enforcement actions, but deny that any one Commissioner adjudicates election related enforcement actions.

24. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same. Further answering, the First Amendment and the cases cited speak for themselves.

25. Paragraphs 26 through 40 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, the cases cited in those paragraphs speak for themselves.

26. Paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same. Further answering, the case cited in Paragraph 41 of the Complaint speaks for itself.

27. Paragraph 42 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the statute cited in Paragraph 42 of the Complaint speaks for itself.

28. Paragraph 43 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the statute cited in Paragraph 43 of the Complaint speaks for itself.

29. Paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the statute cited in Paragraph 44 of the Complaint

speaks for itself.

30. Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the statute and case cited in Paragraph 45 of the Complaint speak for themselves.

31. Paragraph 46 of the Complaint contains legal conclusions to which no response is required.

32. Paragraph 47 of the Complaint contains legal conclusions to which no response is required. Defendants admit that the State Candidate Fund has contribution limits. To the extent any further response is required, the statute cited in Paragraph 47 of the Complaint speaks for itself.

33. Paragraph 48 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the statutes cited in Paragraph 48 of the Complaint speak for themselves

34. Paragraphs 49 through 50 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, To the extent a response is required, the statutes and case cited in Paragraphs 49 and 50 of the Complaint speak for themselves.

35. Paragraph 51 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

36. Paragraphs 52 through 54 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny same. Further answering, the cases cited in Paragraphs 52 through 54 of the Complaint speak for themselves.

37. Paragraphs 55 through 56 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny same.

38. As to Paragraph 57 of the Complaint, Defendants incorporate by reference all responses in

the paragraphs above.

39. Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the constitutional provisions and case cited in Paragraph 58 of the Complaint speak for themselves.

40. Paragraph 59 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the statute cited in Paragraph 59 of the Complaint speaks for itself

41. Paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the statutes cited in Paragraph 60 of the Complaint speak for themselves.

42. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

43. Defendants deny the allegations contained in Paragraphs 62 through 67 of the Complaint. Further answering, the statutes and cases cited in Paragraphs 62 through 67 of the Complaint speak for themselves.

44. Defendants deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraphs of the Complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to assert one or more claims alleged in the Complaint.

3. Plaintiff fails to establish any constitutional violation under the U.S Constitution.

4. Plaintiff is not entitled to declaratory or injunctive relief.

5. Plaintiff's claims for emergency and/or preliminary injunctive relief are barred by laches.

6. Plaintiff's claims are barred by the Eleventh Amendment.

7. Neither the Ohio Election Integrity Commission nor its named individual members are necessary parties to this action.

8. Defendants reserve the right to add additional affirmative defenses as litigation proceeds.

WHEREFORE, having fully answered Plaintiff's Complaint, the State respectfully requests that this Court:

1. Enter judgment in Defendants' favor;

2. Grant the Defendants such other relief as the Court may deem equitable;

3. Dismiss Plaintiff's claims, with prejudice; and

4. Plaintiff be awarded no relief, no costs, and no fees.

Respectfully submitted,

D. ANDREW WILSON
Ohio Attorney General

/s/ *Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)*
**Lead Counsel*
MARK D. TUCKER (0036855)
TYLER W. BLAIR (0095595)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215-3428
Tel: 614-466-1853 | Fax: 855-326-1696
Julie.Pfeiffer@OhioAGO.gov
Mark.Tucker@OhioAGO.go
Tyler.Blair@OhioAGO.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties have access to this filing through the Court's system.

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0096762)
Assistant Attorney General